IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BILLY CHAMBERS, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-2643-TWT |

### OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Plaintiffs' Motion to Remand [Doc. 6]. For the reasons set forth below, the Court DENIES the Plaintiffs' Motion to Remand [Doc. 6].

### I.     Background

On May 21, 2020, the Plaintiffs Billy and Elizabeth Chambers filed this lawsuit in Fulton County State Court against the Defendants State Farm Fire & Casualty Company and Crystal Gravely, a State Farm Claims Specialist. Notice of Removal, [Doc. 1] at ¶ 1. The lawsuit arises out of a disputed insurance claim, which was filed by the Plaintiffs pursuant to an insurance policy issued to them by the Defendant State Farm as a result of water damage to their property located at 501 Hendrix Road, Rockmart, Fulton County, Georgia. Complaint, [Doc.1-1], at ¶¶ 3-5. After the subject loss, the Defendant State Farm assigned claims specialist Crystal Gravely, named co-defendant in

this lawsuit, to assist with the investigation and adjustment of the Plaintiffs' insurance claim. *Id.* at ¶¶ 7, 12.

On or about June 19, 2019, a Technician for American Leak Detection of Greater Atlanta, allegedly hired by State Farm, completed an inspection and opined that the leak was caused by an undetected water flow from the dishwasher water pump leak, where the water went undetected into the HVAC vent underneath the sink. *Id.* at ¶ 13. As a result of this leak, an undetected water flow seeped under and between the floorboards of the Plaintiffs' home. *Id.* To fix the damage, the ALD Technician allegedly stated that the flooring throughout the Plaintiffs' home needs to be removed and replaced including the subfloors near the air-condition register; all duct work needs to be mitigated or replaced; the AC/Furnace and condensing unit in the crawlspace needs to be properly mitigated; and, proper mold and mildew mitigation needs to be performed. *Id.* at ¶ 14. The Plaintiffs allege that their Policy with the Defendant State Farm covers any undetected and hidden release of water from within and/or part of the home's plumbing system, including but not limited to, the supply lines, drain lines, dishwasher pumps and hoses, and associated plumbing. *Id.* at ¶ 16. After investigating, the Defendant State Farm allegedly denied the Plaintiffs' claim based on the terms, conditions, and exclusions in the subject insurance policy, especially the Plaintiffs' fungus, rot, and mold claims. *Id.* at ¶ 15.

The Plaintiffs allege that State Farm intentionally and illicitly denied

2

the Plaintiffs' claims because the leaking water pump was not within the walls, floors, or ceilings of the Plaintiffs' home and thus the leaking water pump could not have been hidden and unknown by the Plaintiffs. *Id.* at ¶ 17. The Plaintiffs also maintain that the property damage loss to insured property due to fungus should be covered under their Policy which included Fungus Remediation Coverage. *Id.* at ¶¶ 27-28. The Plaintiffs argue that State Farm breached the Plaintiffs' Policy that includes Fungus Remediation Coverage and that the Policy was issued to the Plaintiffs by fraudulently and knowingly misinterpreting portions of the Policy, especially the Fungus Rider advertised as Fungus Remediation Coverage as not actually covering Fungus Damage despite the increased premium for this coverage. *Id.* at ¶ 30.

The Defendants filed a Notice of Removal on June 23, 2020, arguing that removal to this Court is proper pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332. Notice of Removal, at ¶¶ 6, 12. The Plaintiffs now move this Court to remand the case back to Fulton County State Court, arguing that complete diversity jurisdiction between the parties does not exist in accordance with 28 U.S.C. § 1332.

## II. Legal Standard

A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). If the basis for federal jurisdiction is diversity of citizenship, the case goes back to state court if: (1) there is not complete

diversity between the parties, *Strawbridge v. Curtiss*, 3 Cranch 267 (1806); (2) the amount in controversy does not exceed $75,000, 28 U.S.C. § 1332(a)(1); or (3) one of the defendants is a citizen of the state in which the suit was filed, 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1447(b). To successfully remove an action, the defendant must file its notice of removal within thirty days after the defendant receives the complaint or summons. 28 U.S.C. § 1446(b)(1). If a case is not initially removable, a defendant may file a notice of removal within thirty days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one in which is or has become removable." 28 U.S.C. § 1446(b)(3). Additionally, removal is only proper if each defendant consents. 28 U.S.C. § 1446(b)(2)(A). The initial notice of removal must include all grounds for removal, or they are waived. 28 U.S.C. § 1446(c)(2). The defendant's burden of removal is a heavy one. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1381 (11th Cir. 1998). Removal statutes are to be interpreted narrowly with any doubts construed against removal jurisdiction. *See Williams v. AFC Enter., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004); *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Discussion

The Plaintiffs move to remand this case to Fulton County State Court, arguing that the Defendants' position in support of removal fails because the requirements for complete diversity jurisdiction are not satisfied. In their Notice of Removal, the Defendants argue that complete diversity jurisdiction exists because the Defendant Gravely has been fraudulently joined, and thus her citizenship must be ignored when making the determination of diversity jurisdiction. Notice of Removal, at ¶ 9. It is undisputed that the Plaintiffs are citizens of the State of Georgia and reside at 501 Hendrix Road, Rockmart, Georgia 30153. Notice of Removal, at ¶ 7. It is also undisputed that Defendant State Farm is a corporation organized under the laws of the State of Illinois with its principal place of business located in Illinois and is not a citizen of the State of Georgia. *Id.* at ¶ 8. The amount in controversy requirement for diversity jurisdiction is not challenged. Between the Plaintiffs and the Defendant State Farm complete diversity would exist.

But the Defendant Gravely is a resident and citizen of the State of Georgia. *Id.* at ¶ 9. Thus, with the addition of the Defendant Gravely as a Defendant in this case, complete diversity jurisdiction would not exist. However, the Defendants argue that Gravely has been fraudulently joined and that the fraudulent joinder of an improper defendant cannot prevent an otherwise appropriate removal. *Id.* "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."

5

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It exists when a defendant has been named solely to defeat diversity jurisdiction. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Where fraudulent joinder is established, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.*

When fraudulent joinder of a defendant is alleged, "the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). If there is no viable cause of action asserted against the resident defendant or if the plaintiff fraudulently pleaded jurisdictional facts to defeat jurisdiction in federal court, the Court should find fraudulent joinder has occurred and deny any Motion to Remand. *See id.* These determinations are "based upon the plaintiff's pleadings at the time of removal. . . ." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007). "To determine whether the case should be remanded, the district court must evaluate the

6

factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, the Defendants allege that the district court has jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332. Under that statute, district courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. Complete diversity does not exist "unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). However, a defendant can properly remove an action even where complete diversity does not exist if it can show that the non-diverse defendant was fraudulently joined. *See Henderson*, 454 F.3d at 1281.

Here, State Farm removed this action to federal court from Fulton County State Court outlining in its Notice of Removal that the amount in controversy exceeds $75,000 and alleging that the Plaintiffs fraudulently joined the Defendant Gravely, a citizen of Georgia, to defeat diversity jurisdiction. The Court agrees with the Defendants' analysis of the Plaintiffs' Complaint as it pertains to the Defendant Gravely. The Plaintiffs assert eleven separate counts, including claims for breach of contract, bad-faith, fraudulent misrepresentation, violation of Georgia's RICO act, diminution in value,

7

punitive damages, and attorney's fees. Complaint, at 4-17. As the Defendants show, the claims are directed to and made against the Defendant State Farm and not a single claim seeks to impose liability on the Defendant Gravely. Response, at 8.

In Count I, the Plaintiffs direct a breach of contract claim solely against the Defendant State Farm. Complaint, at 8. But even if the Plaintiffs directed this claim against Gravely, State Farm and the Plaintiffs are the only parties to the subject contract, the insurance policy. And the Plaintiffs do not allege that Gravely was a party to the contract. Thus, a breach of contract claim cannot be asserted against her. *See Wade v. State Farm Ins. Co.*, No. 1:09-cv-2365-WSD, 2009 WL 10668517, at *3 (N.D. Ga. Nov. 18, 2009) ("A breach of contract claim generally may only be maintained against a party to the contract, and an insurance contract is no exception.").

In Count II, the Plaintiffs allege that the Defendant State Farm violated Georgia's RICO Act. Complaint, at 9. They do not argue that Gravely violated Georgia's RICO Act or that she is liable to the Plaintiffs for any potential damages for violation of Georgia's RICO Act. In Count III, the Plaintiffs allege bad faith against State Farm pursuant to O.C.G.A. § 33-4-6. Complaint, at 10-11. As the Defendants argue, even if the Plaintiffs attempted to direct this claim towards Gravely, Georgia's bad-faith statute is directed at insurers, not the insurer's employees or adjusters. *See Wade,* 2009 WL 10668517, at *3 (finding that a claim under O.C.G.A. § 33-4-6 must only be brought by the

insured against an insurer); *Adams v. UNUM Life Ins. Co. of America*, 508 F. Supp. 2d 1302, 1317-18 (N.D. Ga. 2007) (holding that this statute only provides for a claim against the insurer under the policy; it does not provide for a separate claim against the administrator of an insurance plan.). In Count IV, the Plaintiffs allege "respondeat superior," stating that Defendant State Farm is vicariously liable for Defendant Gravely's actions. Complaint, at 12. But as the Defendants point out, the Plaintiffs do not allege any independent torts, acts, or omissions committed by the Defendant Gravely for which she should be held personally liable. In fact, the Court agrees with the Defendants that the Plaintiffs claim the opposite by arguing that Gravely was acting within the course and scope of her employment at all relevant times.

In Counts V through IX, the Plaintiffs allege acts of fraud and deceit, punitive damages, diminution in value, stubborn litigiousness, and special damages solely against State Farm and do not set forth any basis by which they could recover from said claims from Gravely. *Id.* at 12-16. And in the last count, the Plaintiffs demand a jury trial. *Id.* at 16. None of the Plaintiffs' counts are directed at Gravely or set forth any legal basis to hold Gravely liable. Viewing the factual allegations in the light most favorable to the Plaintiffs, the Plaintiffs' allegations, to the extent they bear on Gravely at all, relate exclusively to her role as an employee of State Farm. As a result, the Plaintiffs fail to state a claim against Gravely and the Court necessarily concludes that "there is no possibility the plaintiff can establish a cause of action against the

resident defendant." *Crowe*, 113 F.3d at 1538. As the Plaintiffs have not asserted a viable cause of action against the Defendant Gravely, her citizenship is ignored for purposes of jurisdiction and the Plaintiffs' Motion to Remand is denied.

### IV.    Conclusion

For the reasons stated above, this Court DENIES the Plaintiffs' Motion to Remand [Doc. 6].

SO ORDERED, this 5 day of November, 2020.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge